DAVID D. FISCHER (SBN 224900)
LAW OFFICES OF DAVID D. FISCHER, APC
1007 7TH Street Suite 100
Sacramento, CA. 95814
Tel. (916) 447-8600
Fax (916) 930-6482
E-Mail: davefischer@yahoo.com

Attorney for Defendant
GUSTAVO MORENO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GONZALO ESQUIVEL,<br>KENNETH HERNANDEZ,<br>EFREN JIMINEZ,<br>DAVID TORRES,<br>GUSTAVO MORENO.<br><br>    Defendants. | No. 1:11-cr-188-LJO-SKO<br><br>STIPULATION AND<br>ORDER CONTINUING MOTION HEARING<br>AND STATUS CONFERENCE |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on September 4, 2012, at 1:00 p.m. before Hon. Sheila Oberto for a status conference on discovery issues with a briefing schedule.

2. By this stipulation, the parties have conferred and agree that additional time is needed to work on discovery issues and to prepare for this case. The defendants now move to

1

PDF created with pdfFactory trial version www.pdffactory.com

continue the status conference scheduled until October 15, 2012, at 1:00 p.m. and to exclude time between July 17, 2012, the date of this stipulation, and October 15, 2012, under Local Code T4 and Local Code T2. To that end, counsel have conferred and further stipulate to and request that the Court order the following motion schedule and hearing date:

> Motions to be filed on or before August 16, 2012
>
> Responses to be filed on or before September 20, 2012,
>
> Replies to be filed on or before September 27, 2012
>
> Motion hearing/status conference: October 15, 2012, in front of U.S. Magistrate Judge Sheila K. Oberto at 1 p.m.

3. The parties agree and stipulate, and request that the Court find the following:

a. The government has represented that the discovery associated with this case includes approximately 3,254 pages of investigative reports and related documents in electronic form and 22 discs containing thousands of recorded telephone calls. All of this discovery has been produced and/or made available to counsel.

b. Counsel for the defendants desire additional time to consult with the Government regarding any outstanding discovery issues, consult with their respective clients, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

c. Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

PDF created with pdfFactory trial version www.pdffactory.com

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 17, 2012, to October 15, 2012, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial. Moreover, the parties previously agreed that due to the nature of the prosecution and the amount of discovery resulting from the investigation involving multiple wiretaps, pursuant to 18 U.S.C. §3161(h)(7)(B), the case is complex.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 17, 2012 /s/ David D. Fischer for
KELLY BABINEAU
Attorney for Defendant
EFREN JIMINEZ

Dated: July 17, 2012 /s/ David D. Fischer for
ROBERT CASSIO
Attorney for Defendant
DAVID TORRES

Dated: July 17, 2012 /s/ David D. Fischer
DAVID D. FISCHER
Attorney for Defendant
GUSTAVO MORENO

Dated: July 17, 2012 /s/ David D. Fischer for
KYLE KNAPP
Attorney for Defendant
KENNETH HERNANDEZ

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| Dated: July 17, 2012 | /s/ David D. Fischer for<br>STEVEN PLESSER<br>Attorney for Defendant<br>GONZALO ESQUIVEL |
| Dated: July 17, 2012 | U.S. ATTORNEY'S OFFICE |
| | by: /s/ Kimberly A. Sanchez<br>KIMBERLY A. SANCHEZ<br>Assistant U.S. Attorney<br>Attorney for Plaintiff |

**ORDER**

The parties' request for a continuance of the status conference is DENIED. The indictment in this case was filed on June 2, 2011, and this case has been pending for more than one year. The parties shall be prepared to request a mutually acceptable trial date at the next status conference.

IT IS SO ORDERED.

Dated: **July 20, 2012**                    /s/ **Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE

PDF created with pdfFactory trial version www.pdffactory.com